852 F.2d 565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Daniel W. DEMING, Arthur M. Hill, II, Plaintiffs-Appellants
v.
KANAWHA CITY COMPANY; Roxalana Land Company; United
National Bank, successor by merger to the Kanawha
Banking & Trust Co., N.A., Defendants-Appellees
and
I.N. Smith, Jr.; W.N. Shearer; Frederick L. Thomas, Jr.;
Junius T. Moore; W. Marston Becker; Kenneth M. Dunn;
David M. Giltinan, Jr.; William M. Smith; Lawson W.
Hamilton, Jr.; Joseph C. Jefferds; D.C. Malcolm; John F.
McGee; Robert B. Orders, Sr.; Gerald E. Ray; Claud M.
Wilcher, Jr.; F.M. Winterholler; Eliza M. Smith; Stuart
L. Smith; Mary Delle Thomas; Charles L. Jarrell; Everett
C. Call; William H. Carter; Intermountain Bank-Shares,
Inc.; Kanawha Company; West Virginia Coal Land Company, Defendants.
 Nos. 87-3716(L), 87-3724.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 7, 1988.
Decided: July 20, 1988.
 
 John Curry Millian (Wesley G. Howell, Jr.; Paul Blankenstein; Gibson, Dunn & Crutcher, on brief), for appellants.
 Thomas Francis Cullen, Jr. (Brian P. Maschler; Jones, Day, Reavis & Pogue; Robert B. King; King, Betts & Allen, on brief), for appellees.
 Before ERVIN and WILKINS, Circuit Judges, and W. EARL BRITT, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This matter arises on cross appeals from a judgment awarding attorney's fees to the plaintiff/appellants. The plaintiffs contend that the district court applied erroneous legal standards in determining the amount of the award. The defendant/cross appellants contend that the district court erred by failing to consider events that took place after the case was settled and in awarding interest for the period during which the court was considering the fee application. We find no error and, accordingly, affirm the judgment below.
 
 
 2
 This attorney's fee dispute arises out of a shareholder derivative action. In their amended complaint the plaintiffs allege that the defendants engaged in various activities which violated federal securities laws, state corporate law, and their fiduciary duties. Some of the defendants filed countersuits against the plaintiffs. Ultimately, all the claims were resolved by a stipulation of settlement. The stipulation placed certain restrictions on the defendants. However, it did not contain most of the relief that the plaintiffs sought in their amended complaint. It did not, for example, provide for the revocation of any transaction nor did it allow for the recovery of any damages.
 
 
 3
 The stipulation of settlement states that the plaintiffs "may apply to the Court for an award of legal fees and expenses incurred by Plaintiffs in connection with the Lawsuit. The corporate Defendants reserve the right to contest before the Court the entitlement of Plaintiffs to any award of legal fees and/or expenses." Record at 153. Pursuant to this provision, the plaintiffs applied to the district court for an award of attorney's fees.
 
 
 4
 Plaintiff Deming also applied for an award of attorney's fees pursuant to W.Va.Code Sec. 31-1-9. That statute provides that a director who successfully defends against any action to which he was a party by reason of the fact that he is or was a director shall be indemnified for his attorney's fees. Deming claims that the statute entitles him to recover for the cost of defending the countersuits.
 
 
 5
 In its order of 24 June 1987, the district court held that the plaintiffs were entitled to recover attorney's fees because they achieved a "substantial benefit." See Mills v. Electric Autolight Co., 396 U.S. 375 (1970). The court began its calculation of a proper fee award with the figure of $495,955.75, the total fees and costs that the plaintiffs claim to have expended in the course of the litigation. The court then considered this figure in light of the twelve factors stated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974). It decreased the fee award by 5% to reflect the excessive number of hours expended and increased it by 5% because of the undesirability of the case. The court also decreased the fee award by 75% because of the plaintiffs' limited success.
 
 
 6
 The court found that 12% of the overall fees and costs were attributable to the defense of countersuits. It determined that only one of seven claims against Deming was premised on the fact that he was a director. It, therefore, allowed the plaintiffs to recover one-quarter of the fees expended in defense of the countersuits. Since it had allowed for a recovery equivalent to 3% of the total amount claimed by the plaintiffs, the court reduced the overall requested fee by 9% for non-compensable defensive matters.
 
 
 7
 The plaintiffs contend that the district court applied an erroneous legal standard in reducing their fee award by 75%. They also maintain that the court erroneously applied W.Va.Code Sec. 31-1-9 in reducing their fee award by 9%.
 
 
 8
 The plaintiffs argue that in reducing their award by 75% the district court did not follow the law articulated by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424 (1983). Hensley requires a district court to consider the significance of the overall relief obtained in relation to the hours reasonably expended on the litigation. Id. at 435. The plaintiffs contend that the district court did not properly perform this requirement because it erred in determining the value of their relief by mechanically comparing it to that prayed for in the amended complaint, rather than by measuring its "actual value." Brief for Appellants at 22.
 
 
 9
 We reject the petitioners' argument. In Hensley the lower court held that the success of the prevailing party justified an award of reasonable attorney's fees. Id. at 438-9. In remanding the case the Supreme Court held that the lower court erred in failing to consider the reasonableness of the award in light of the prevailing party's level of success. Id. at 439. This case is clearly distinguishable from Hensley. In this case the district court thoroughly considered the amount of the attorney's fees in light of the appellants' limited success. Furthermore, its decision to reduce the fees was not unreasonable given the limited relief obtained. Accordingly, we hold that the district court did not err in reducing the requested fee by 75% due to the appellants' limited success.
 
 
 10
 Plaintiff Deming's claim that he is legally entitled to recover all costs involved in defending countersuits is also without merit. Deming argues that the court should not have reduced the plaintiffs' recovery by 9% in order to allow for non-compensable defensive matters because all seven claims against him were by reason of the fact that he was a director. This contention has little merit. Some of the claims clearly have nothing to do with Deming's status as a director. Two of the claims, for example, relate to abuses of the legal process. Furthermore, there is no record as to the costs associated in defending each of the claims. Indeed, Deming doesn't argue for any partial recovery. He contends that he is entitled to recover for all costs associated with defending against all of the claims. This contention cannot be accepted.
 
 
 11
 The cross appeals are completely meritless and deserve no further discussion. Accordingly, the judgment of the district court is
 
 
 12
 AFFIRMED.